**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

TIMOTHY OLDHAM,

      Plaintiff,

v.                                       Case No. 5:24-cv-708-JRK

FRANK BISIGNANO,
Commissioner of Social Security,[1]

      Defendant.

                               /

## OPINION AND ORDER[2]

### I. Status

Timothy Oldham ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") partially favorable final decision granting his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") from December 16, 2022 forward, but finding that prior to that date, Plaintiff was not disabled and ineligible for DIB and SSI. Plaintiff's alleged inability to work is the result of chronic pain, fibromyalgia, fatigue,

---

[1] Frank Bisignano is now the Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

gastroesophageal reflux disease (GERD), diabetes, and hypertension. Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed March 24, 2025, at 86, 94, 105, 114.

On November 15, 2021, Plaintiff protectively filed applications for DIB and SSI, alleging a disability onset date of February 1, 2020. Tr. at 250-53 (DIB), 254-61 (SSI).[3] The alleged disability onset date was later amended to March 18, 2020. Tr. at 17. The applications were denied initially, Tr. at 86-93, 135-38 (DIB); Tr. at 94-101, 130-33 (SSI), and upon reconsideration, Tr. at 105-12 (DIB); Tr. at 114-21 (SSI).[4]

On May 1, 2024, an Administrative Law Judge ("ALJ") held a hearing, during which she heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE").[5] Tr. at 40-85. On June 6, 2024, the ALJ issued a Decision finding Plaintiff not disabled through December 16, 2022, but disabled beginning on that date through the date of the Decision. See Tr. at 17-29.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council. Tr. at 4-5 (Appeals Council exhibit list and order), 245-47 (request for

---

[3]   The applications were both completed on November 15, 2021. See Tr. at 250 (DIB), 254 (SSI). The protective filing date for both the DIB application is listed elsewhere in the administrative transcript as November 15, 2021, and the SSI application is November 3, 2021. Tr. at 86, 105 (DIB), 94, 114 (SSI).

[4]   Some of these documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[5]   The hearing was held via telephone, with Plaintiff's consent. Tr. at 42, 212-13.

review). On November 14, 2024, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On December 23, 2024, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), through counsel, seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal argues the ALJ erred in 1) finding his "mental impairment was non-severe prior to December 16, 2022"; and 2) "failing to develop the record to determine if [Plaintiff] had past relevant work as a professor." Memorandum in Opposition to the Commissioner's Decision (Doc. No. 14; "Pl.'s Mem."), filed May 23, 2025, at 3, 6 (capitalization and emphasis omitted). On August 4, 2025, Defendant filed a Response Brief in Support of the Commissioner's Decision (Doc. No. 17; "Def.'s Mem.") addressing Plaintiff's arguments. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining

---

[6]     "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected

(Continued…)

3

as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 20-29. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since March 18, 2020, the amended onset date." Tr. at 20 (emphasis and citation omitted). At step two, the ALJ found:

> Since the amended onset date of disability, March 18, 2020, [Plaintiff] has had the following severe impairments: cervical degenerative disc disease, degenerative joint disease, obesity, diabetes mellitus, neuropathy, sensorineural (SNL) hearing loss, tinnitus. Beginning on the established onset date of disability, December 16, 2022, [Plaintiff] has had the following severe impairments: somatic symptom disorder, posttraumatic stress disorder (PTSD), other

---

to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

> trauma related disorder (subthreshold PTSD), anxiety disorder, depression, and adjustment disorder.

Tr. at 20 (emphasis and citation omitted). At step three, the ALJ found that "Since February 1, 2020, [Plaintiff] has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 21 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [P]rior to December 16, 2022, the date [Plaintiff] became disabled, [he] had the [RFC] to perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b) except [Plaintiff] can never climb ropes, ladders, or scaffolds but frequently perform other postural movements. [Plaintiff] can occasionally operate foot controls bilaterally. He can frequently push/pull, handle, finger, and feel bilaterally. He could not work in proximity to hazards or unprotected heights. He could occasionally work in extreme cold or in concentrated industrial vibration. He needs to work in an environment with moderate noise or less.
>
> . . .
>
> [S]ince December 16, 2022, [Plaintiff] has had the [RFC] to perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b) except [he] can never climb ropes, ladders, or scaffolds but frequently perform other postural movements. [Plaintiff] can occasionally operate foot controls bilaterally. He can frequently push/pull, handle, finger, and feel bilaterally. He could not work in proximity to hazards or unprotected heights. He could occasionally work in extreme cold or in concentrated industrial vibration. He needs to work

5

> in an environment with moderate noise or less. Mentally, [Plaintiff] can tolerate frequent interaction with coworkers and supervisors, but only occasional work with the public. He can maintain attention and concentration for 2-hour periods throughout the workday with customary breaks. He cannot work at an assembly line pace or have strict productivity quotas.

Tr. at 21-22, 26.

At step four, the ALJ relied on the VE's hearing testimony and found that "[p]rior to December 16, 2022, [Plaintiff] was capable of performing past relevant work as a faculty member." Tr. at 25 (citation omitted). But, "[b]eginning on December 16, 2022, [Plaintiff's RFC] has prevented [him] from being able to perform past relevant work." Tr. at 28. The ALJ then proceeded to the fifth and final step of the sequential inquiry for December 16, 2022 forward. Tr. at 28-29. After considering Plaintiff's age ("advanced age"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the Medical-Vocational Guidelines, 20 C.F.R. Part 404 Subpart P, Appendix 2 (Grids) and found "there are no jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." Tr. at 28 (some emphasis and citation omitted). The ALJ concluded Plaintiff "was not disabled prior to December 16, 2022 . . . but became disabled on that date and has continued to be disabled through the date of th[e D]ecision." Tr. at 29 (emphasis and citation omitted).

6

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

Plaintiff's arguments are addressed in turn.

**A. Mental Impairment Severity Prior to December 16, 2022**

Plaintiff contends the ALJ erred in finding he did not have a severe mental impairment prior to December 16, 2022. Pl.'s Mem. at 3-6. According to Plaintiff, the ALJ relied on a treatment note to find Plaintiff's "depressive and anxiety-related symptoms were not considered clinically significant prior to December 2022," Tr. at 26 (citation omitted), but it was an "outlier[]" and does not provide substantial evidence upon which to base the severity finding, Pl.'s Mem. at 4-5, 5. Moreover, Plaintiff contends the ALJ should have included some mental limitations in the RFC prior to December 16, 2022, even without a severe mental impairment finding. Id. at 5-6. Responding, Defendant argues the ALJ relied on more than just the one treatment note, and the ALJ was not required to place any mental limitations in the RFC prior to December 16, 2022. Def.'s Mem. at 4-8.

Step two of the sequential evaluation process requires the ALJ to determine whether a claimant suffers from a severe impairment. See 20 C.F.R. § 404.1520(a)(4)(ii). At this step, "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work[.]" Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). "This step is a

'threshold inquiry' and 'allows only claims based on the most trivial impairments to be rejected." Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1265 (11th Cir. 2019) (per curiam) (quoting McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986)).

"[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). In the context of a Social Security disability benefits case, a condition is severe if it affects a claimant's ability to maintain employment. See id. A claimant has the burden of proving that impairments are severe. See Bowen, 482 U.S. at 146 n.5 (recognizing the claimant's burden of proof at step two to show "a medically severe impairment or combination of impairments"). Further, the impairment either "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 404.1509; see also Walker v. Comm'r, Soc. Sec. Admin., 835 F. App'x 538, 542 (11th Cir. 2020) (unpublished).

A severe impairment interferes with a claimant's ability to perform "basic work activities." See Bowen, 482 U.S. at 141; Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101 (11th Cir. 2021) (citing 20 C.F.R. § 404.1520(c)). The Regulations provide six examples of "basic work activities": "(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching,

9

carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers, and usual work situations; and (6) Dealing with changes in a routine work setting." 20 C.F.R. § 404.1522; see also Walker, 835 F. App'x at 541-52. "The finding of any severe impairment, based on either a single impairment or a combination of impairments, is enough to satisfy step two because once the ALJ proceeds beyond step two, he is required to consider the claimant's entire medical condition, including impairments the ALJ determined were not severe." Burgin v. Comm'r of Soc. Sec., 420 F. App'x 901, 902 (11th Cir. 2011) (unpublished).

Any error in identifying severe impairments at step two is harmless if "the ALJ considered all of [the] impairments in combination at later steps in the evaluation process." Burgin, 420 F. App'x at 903 (citation omitted); see Schink, 935 F.3d at 1268 (a step two error "could be harmless if the ALJ nevertheless proceeded in the sequential evaluation, duly considered [the claimant's] mental impairment when assessing his RFC, and reached conclusions about [the claimant's] mental capacities supported by substantial evidence"); Heatly, 382 F. App'x at 825 (stating that an "ALJ is required to demonstrate that [he or she] has considered all of the claimant's impairments, whether severe or not, in combination"); Bowen v. Heckler, 748 F.2d 629, 635

(11th Cir. 1984) (finding that an ALJ must make "specific and well-articulated findings as to the effect of the combination of impairments").

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink, 935 F.3d at 1268); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, the ALJ recognized at step two that Plaintiff had "reported some depressive and anxiety-related symptoms," but found prior to December 16, 2022 that they were "generally . . . mild in nature, and mental status examinations have been normal with cooperative behavior, logical thought process, appropriate thought content, adequate concentration, intact memory, and good insight/judgment." Tr. at 20 (citing Ex. 28F/32, 39, 46, 84, located at

11

Tr. at 4975, 4982, 4989, 5027). Then, the ALJ assessed the broad areas of mental functioning set forth in the Regulations and 20 C.F.R. Part 404, Subpart P, Appendix 1, and found Plaintiff has no restriction in understanding, remembering, or applying information; mild restriction in interacting with others; mild restriction in concentrating, persisting, or maintaining pace; and mild restriction in adapting or managing oneself. Tr. at 21. Accordingly, the ALJ did not assign any severe mental impairments at step two prior to December 16, 2022. See Tr. at 20-21.

Later, when addressing the medical evidence and assessing the RFC prior to December 16, 2022, the ALJ wrote:

> At initial determination, State agency consultants . . . [assessed m]ild impairment . . . with regard to mental impairment. I find these opinions to be persuasive. . . . I note that [Plaintiff] was diagnosed with somatic symptom disorder in September 2020, and he subsequently received counseling for unspecified anxiety disorder. However, depressive and anxiety-related symptoms were not considered clinically significant prior to December 2022.

Tr. at 24 (citations omitted).

When assessing the RFC after December 16, 2022, the ALJ wrote:

> The record documents progressively worsening depressive symptoms since 2022. It is reiterated that [Plaintiff] was diagnosed with somatic symptom disorder in September 2020, and he subsequently received counseling for unspecified anxiety disorder. In fact, depressive and anxiety-related symptoms were not considered clinically significant prior to December

12

2022. However, the PHQ9 (Depression) and the GAD7 (Anxiety) have identified moderate to moderately severe depressive and anxiety related symptoms since December 2022. He has endorsed complex feelings of anxiety about his medical and financial situation that are quite draining. Associated depressive symptoms have included irritability, altered sleep pattern, anhedonia, and lack of motivation. In consideration of [Plaintiff's] depression and anxiety, the [RFC] since December 16, 2022, provides for frequent interaction with coworkers and supervisors, but only occasional work with the public, and inability to work at an assembly line pace or have strict productivity quotas.

. . .

Victoria Frehe-Torres, Ph.D. completed a mental disorders benefits questionnaire in December 2023 in which she diagnosed adjustment disorder and assessed occupational and social impairment with reduced reliability and productivity. This opinion is persuasive as of the established onset date based on the evidence of record. Of note, the mental disorders benefits questionnaire completed in January 2022 shows no diagnosed mental impairment. Further, depressive and anxiety-related symptoms were not considered clinically significant prior to December 2022. However, records since that time have identified moderate to moderately severe depressive and anxiety related symptoms.

Tr. at 26-28 (citations omitted).

Substantial evidence supports the ALJ's findings with respect to step two and the RFC. In finding that prior to December 16, 2022, Plaintiff did not have a severe mental impairment and did not have any mental limitations in his RFC, the ALJ relied on treatment notes from that timeframe and also on state-agency medical consultants who opined Plaintiff did not have a severe

impairment. See Tr. at 24. Plaintiff mainly challenges the ALJ's reliance on the treatment notes, citing a few notes pre-dating December 16, 2022 that include scores "indicative of moderate symptoms." Pl.'s Mem. at 4-5 (citing Tr. at 7415, 7457, 7468). But, those scores are based on "self-report assessment[s] and [are] not sufficient to use alone for diagnostic purposes." Tr. at 7457 (some emphasis omitted). And, two of the notes cited by Plaintiff state his mental status was "[w]ithin normal limits." Tr. at 7415, 7468.

Moreover, the ALJ did not just rely on the treatment notes in finding Plaintiff did not have a severe mental impairment prior to December 16, 2022. She also relied on the opinion of a state-agency medical consultant (that Plaintiff does not challenge). See Tr. at 24. The medical consultant reviewed the file and found Plaintiff did not have a severe mental impairment, citing specific evidence to support his findings.  Tr. at 88-89, 96-97; see also Tr. at 107-09, 116-18 (reconsideration findings). The ALJ determined the opinion was "persuasive" for the timeframe prior to December 16, 2022, Tr. at 24, and substantial evidence supports that determination. The ALJ also observed that a VE mental disorder benefits questionnaire authored by Michael Spellman, Ph.D. in January 2022 did not diagnose any mental impairment. See Tr. at 27,[7] 8109-23 (questionnaire). Substantial evidence supports the ALJ's findings.

---

[7]    The ALJ did not refer to Dr. Spellman by name, but she cited Exhibit 41F/172, which is one of the pages of Dr. Spellman's January 2022 questionnaire. See Tr. at 8109-23.

## B. Past Relevant Work Prior to December 16, 2022

Plaintiff argues the ALJ erred in determining he could return to past relevant work as a faculty member[8] prior to December 16, 2022 because he "only performed the job part-time and may not have performed it long enough to meet the duration requirements . . . to have successfully learned to do the job." Pl.'s Mem. at 6-7. Responding, Defendant argues that the VE testimony provides substantial evidence upon which to base the step four findings. Def.' s Mem. at 8-10.

At step four of the sequential inquiry, an ALJ must assess a claimant's RFC and determine whether the claimant can perform his or her past relevant work. See 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "[T]o constitute past relevant work, the position in question must have been done within a fifteen year period, lasted long enough for the claimant to learn to do it, and be performed at a substantial gainful activity level." Brown v. Barnhart, 410 F. Supp. 2d 1287, 1297 (S.D. Fla. 2006) (citing, e.g., 20 C.F.R. § 404.1565(a)). "At step four, the claimant carries a heavy burden of showing that his impairment prevents him from performing his past relevant work." Washington v. Comm'r of Soc. Sec., 906 F.3d 1353, 1359 (11th Cir. 2018) (citation omitted). To aid in

---

8    Plaintiff calls this work an "Adjunct University Professor" or "adjunct professor," Pl.'s Mem. at 6-7, but the finding actually made by the ALJ was "faculty member," Tr. at 25-26.

15

making the required findings at steps four and five, an ALJ may pose a hypothetical question to a VE as part of his or her determination of whether the claimant can perform past relevant work or obtain work in the national economy. See Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing Wolfe v. Chater, 86 F.3d 1072, 1077-78 (11th Cir. 1996)) (discussing reliance on a VE's testimony at step five); Hines-Sharp v. Comm'r of Soc. Sec., 511 F. App'x 913, 915-17 (11th Cir. 2013) (unpublished) (discussing reliance on a VE's testimony at step four).

Here, after listening to Plaintiff's testimony about his past work, the VE testified that Plaintiff had past work as a "faculty member, university" with a "DOT number 090.227-010" and classified as "light work, SVP 8." Tr. at 79. After being presented with a hypothetical including Plaintiff's RFC prior to December 16, 2022, the VE testified Plaintiff could return to his past relevant work as a faculty member. Tr. at 81-83. Plaintiff's counsel did not challenge the alleged part-time nature of the job or the length of time Plaintiff performed it. Tr. at 84. The ALJ in the written Decision found that the faculty member "work was substantial gainful activity, was performed long enough for [Plaintiff] to achieve average performance and was performed within the relevant period." Tr. at 25. The ALJ's findings are supported by substantial evidence, including the VE testimony.

## V.  Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1.     The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2.     The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 26, 2026.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record

17